967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Roy SMITH, Jr., Defendant-Appellant.
 No. 91-30443.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 10, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Roy Smith appeals his conviction, following a plea of guilty, for one count of possession with intent to distribute methamphetamine in violation of 18 U.S.C. § 841(a)(1) and one count of carrying a firearm in violation of 18 U.S.C. § 924(c)(1). Smith contends that the district court erred by denying his motion to suppress. Specifically, Smith contends that the search of the vehicle he was driving at the time of his arrest was invalid because the search warrant was overbroad and the supporting affidavit lacked probable cause. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's denial of a motion to suppress, and we uphold the district court's findings of fact unless they are clearly erroneous. United States v. $25,000 U.S. Currency, 853 F.2d 1501, 1504 (9th Cir.1988). We review de novo the question of whether a search warrant is overbroad. Center Art Galleries-Hawaii, Inc. v. United States, 875 F.2d 747, 749 (9th Cir.1989).
 
 
 4
 In determining whether a search warrant is overbroad, a court must determine whether the warrant is supported by probable cause and whether the items to be searched and seized are described with reasonable specificity. United States v. Rodriguez, 869 F.2d 479, 486-87 (9th Cir.1989). A court must look to the totality of the circumstances in order to determine whether probable cause exists. Illinois v. Gates, 462 U.S. 213, 238-39 (1983). A court may focus on an informant's reliability or basis of knowledge in determining whether an affidavit in support of a warrant establishes probable cause. United States v. Ayers, 924 F.2d 1468, 1478 (9th Cir.1991). Although a warrant should not allow the police to exercise discretion as to the items to be seized, "the warrant's description of items need only be reasonably specific rather than elaborately detailed." Rodriguez, 869 F.2d at 486 (quotations omitted). A search warrant authorizing the search of a defendant's property, including vehicles belonging to or used by residents on the property, is proper and does not limit the search to vehicles of permanent or legal residents. United States v. Motz, 936 F.2d 1021, 1025 (9th Cir.1991).
 
 
 5
 Here, the affidavit in support of the search warrant included information from four separate confidential informants linking Smith to the manufacture and distribution of methamphetamine. The affiant set out facts for each informant that lead him to believe that the informants were reliable. The affidavit also contained information from one of the informants and the affiant connecting Smith to the vehicle in which the drugs and firearm were found. The search warrant authorized the search of the defendant's property including "any and all motor vehicles owned by or utilized by the occupant(s)." The warrant also described with specificity the items to be seized. The items sought to be suppressed were found in a vehicle driven by Smith.
 
 
 6
 We find that the supporting affidavit contained sufficient indicia of reliability regarding the informants' tips, and that the search warrant was supported by probable cause. See Gates, 462 U.S. at 238-39; Ayers, 924 F.2d at 1478-79. Further, we find that the search warrant described the locations to be searched and the items to be seized with reasonable specificity and was, therefore, not overbroad. See Motz, 936 F.2d at 1025; Rodriguez, 869 F.2d at 486-87. The district court did not err by denying Smith's motion to suppress.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3